IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK,
NATIONAL TRUST COMPANY,

     Plaintiff,                           No. CIV S-11-2839 JAM DAD PS

  vs.

FRANK ANTHONY AGUIRRE, JR.;     FINDINGS AND RECOMMENDATIONS
CINDY LYNN AGUIRRE,

     Defendants.
_____/

        By Notice of Removal filed October 27, 2011, this unlawful detainer action was removed from the Placer County Superior Court by defendants Frank Aguirre, Jr and Cindy Aguirre, who are proceeding pro se.[1]  Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

        It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v.

---

[1] Defendants have neither paid the filing fee or applied to proceed in forma pauperis.

1

Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In this case, defendants allege in conclusory fashion that "federal question jurisdiction exists because defendants' demurrer, a pleading, depend (sic) on the determination of defendants' rights and plaintiff's duties under federal law." (Notice of Removal (Doc. No. 1) at 3.) In this regard, defendants argue that the Placer County Superior Court "did not sustain" defendants' demurrer, despite plaintiff's violation of 12 U.S.C. § 5220. (Id.)

It is evident however from a reading of plaintiff's complaint that plaintiff's action is nothing more than a garden-variety unlawful detainer action filed against the former owner of real property located in California and is based wholly on California law. As such, the complaint does not involve any "claim or right arising under the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file this action originally in federal court. See 28 U.S.C. § 1441(b). Moreover, it is evident from defendants' argument that any federal claims in this action arise solely from defendants' own affirmative defenses and not from the plaintiff's unlawful detainer complaint. Thus, defendants have failed to meet their burden of establishing a basis for federal jurisdiction.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the Superior Court of California, County of Placer and that this case be closed.

1    These findings and recommendations will be submitted to the United States
2    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3    fourteen days after being served with these findings and recommendations, any party may file
4    written objections with the court and serve a copy on all parties.  A document presenting
5    objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
6    Any reply to objections shall be filed and served within seven days after service of the objections.
7    DATED: November 7, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\deutschebank-aguirre2839.f&r.remand.ud